**James R. SNYDER, Jr., Appellant,**

v.

**SOCIETY BANK, Appellee.**

Civ. A. No. C–93–320.

United States District Court,
S.D. Texas,
Corpus Christi Division.

July 18, 1994.

Thomas R. Markey, Markey, Hughes & Steiner, Corpus Christi, TX, for appellant.

Diane Wade Sanders, Henkle, Hyden & Putnam, Corpus Christi, TX, for appellee.

### ORDER ON APPEAL OF ORDER DENYING MOTION FOR SANCTIONS

JACK, District Judge.

On this date, came on to be considered Appellant's Appeal from Order Denying Motion for Sanctions and Failure to Compel the Disclosure of Documents under Bankruptcy Rule 2004.

### I. JURISDICTION

Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1334. Appellate jurisdiction is granted pursuant to 28 U.S.C. § 158.

### II. PROCEDURAL & FACTUAL HISTORY

On November 15, 1990, Appellant, James R. Snyder, Jr. ["Snyder"] served an subpoena upon Appellee, Society Bank of Ann Arbor, Michigan ["Society"] requesting certain documents. Society served as the principle bank for Snyder's Phoenix Masonry, Inc.

Appellee complied with subpoena by supplying Appellant with numerous documents. In February 1991, Appellant notified Society that the documents were insufficient in regards to the subpoena. Appellant stated to Appellee that it was unsure if Society had the documents or if they were in the possession of a bankruptcy Trustee or another bank. Nevertheless, Society attempted to locate and found additional boxes of documents regarding Phoenix Masonry's accounts. Appellee informed Appellant that it would first have to review them for any privileged documents before sending them.

An initial hearing in March 1991 on Appellant's Motion for Sanctions did not occur. Appellee objected to sanctions arguing that the original subpoena did not inform Society as to any legal proceedings. Subsequent to these events, Appellee began to suspect Snyder would initiate litigation against it. Although Snyder declared that he only wanted the documents for his problems with the Internal Revenue Service ["IRS"], he ultimately did file a complaint against Society in Michigan state court. After this step, Appellant again attempted to obtain the documents by issuing a subpoena under a Rule 2004 examination. Society filed a Motion to Quash the Rule 2004 arguing that Appellant was attempting to use the bankruptcy proceeding to perform discovery in the Michigan cause of action. Appellant then amended its subpoena in order to create the impression that he intended to use the documents only against the IRS. After denying Appellant's Motion for Reconsideration of the Order Summary Judgment in the companion case C–93–320, the Bankruptcy Court denied Appellant's Motion for Sanctions against Society. On April 12, 1993, the Bankruptcy Court entered the Order Denying Motion for Sanctions finding the discovery request was moot and Appellee's actions not sanctionable.

### III. APPEAL OF ORDER GRANTING DISMISSAL

 Rule 2004 affords both debtors and creditors the broad rights of examination of a third-party's records. *Cameron v. United States,* 231 U.S. 710, 716, 34 S.Ct. 244, 245–46, 58 L.Ed. 448 (1914). Nevertheless, its

**42**

scope is not limitless. *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 516 (E.D.N.Y. 1991). Appellant offers no explanation of the need for the required documents in his cause of action. Examinations under Rule 2004 cannot be used to harass or oppress the party. *Id.; In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 712 (Bankr. S.D.N.Y.1991). Snyder filed a cause of action against Society in Michigan state court. The use of Rule 2004 to further its case in state court constitutes an abuse of Rule 2004. Moreover, since Appellant has filed this cause of action against Appellee in state court, he can use the discovery rules available under Michigan law. Appellant argues in its Brief that Society "changed their mind and refused to turn over the documents." Appellant implies that Society's reasons for its actions are unclear. At the same time, the record from C–93–321 establishes that Snyder sued Society in Michigan. Bankruptcy Judge Richard Schmidt's denial of production in light of Appellant's primary motive to use in litigation for another cause of action was not an abuse of discretion in light of the specific facts.

After this action by Appellant the argument that Appellee is estopped from refusing to provide additional documents is highly unconvincing. Any agreement between the two parties that would have created this right of estoppel was breached when Appellant filed suit in Michigan.

This Court agrees with Bankruptcy Judge Richard Schmidt that with the denial of Appellant's Motion to Reconsider the Order granting summary judgment in favor of the IRS rendered these issues related to Society Bank moot. Since this Court affirmed the Bankruptcy Court's decision in the companion case C–93–321, the Appellant's appeal to obtain those documents are of use only in the Michigan action. *Coffee Cupboard,* 128 B.R. at 517. Furthermore, Judge Schmidt found that Society's actions did not warrant sanction. This finding was reasonable and not an abuse of discretion in light of the specific facts.

Appellant's Appeal from Order Denying Motion for Sanctions and Failure to Compel the Disclosure of Documents under Bankruptcy Rule 2004 is hereby DENIED and the decision of the Bankruptcy Court is hereby AFFIRMED.